UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAMUEL L BUOSCIO, ) | CASE NO. 4:08 CV 1742 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| LLOYDS OF LONDON, INC., ) | AND ORDER |
| ) | |
| Defendant. ) | |

On July 21, 2008, pro se plaintiff Samuel L. Buoscio filed the above captioned action for breach of contract against Lloyds of London. In the complaint, plaintiff alleges that he insured a firearm through Lloyds of London and the defendant failed to pay on his claim when the weapon was stolen. He seeks $ 3,920.00 in damages.

**Background**

Mr. Buoscio alleges that he owned a custom made trap shotgun that was adorned with several gold engravings. It is not clear when the gun was purchased, but Mr. Buoscio attaches an appraisal of the weapon conducted for him in 1986. The gun was valued at $ 3,920.00. Mr. Buoscio was indicted in July 1991. See State v. Buoscio, Case No. CR-1991-07-1433 (Summit Cty Ct. Comm. Pl. indictment filed July 10, 1991). In exchange for the agreement to amend count one

of the indictment to the lesser included charge of voluntary manslaughter and to dismiss the charge of having a weapon under disability in favor of a gun specification to count one, Mr. Buoscio changed his plea to "guilty" in January 1992. Id. He was sentenced to 10-25 years in prison. While he was incarcerated in the Mansfield Correctional Institution in September 2000, Mr. Buoscio purchased insurance for his shotgun through the National Rifle Association.[1] That policy was underwritten by Lloyds of London. Three months later, in December 2000, the weapon was stolen during a burglary. Mr. Buoscio was informed of the theft in January 2001 and submitted an insurance claim to Lloyds of London later that month.

Mr. Buscio claims that Lloyds of London has refused to honor its insurance contract. He states that he initially received two checks in the respective amounts of $ 1,000.00 and $2,220.00. He indicates that the checks were not signed and could not be cashed. He also notes that together, they totalled less than the appraised value of the gun. He does not indicate whether he returned the checks to the company. Mr. Buoscio resubmitted his claim in May 2004 to no avail. He now seeks payment of $ 3,920.00 plus interest and court costs.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The

---

[1] The address listed for Mr. Buoscio on the insurance application is that of the Mansfield Correctional Institution.

2

claims asserted in this action satisfy these criteria.

Mr. Buoscio fails to set forth any basis for jurisdiction in the federal courts. He does not state a cause of action arising under federal law and none is apparent on the face of the complaint. Although the defendant has an address in New York, jurisdiction cannot be based on diversity of citizenship. In such situations, the federal court will have original jurisdiction only in matters in which the amount in controversy exceeds $ 75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332. The appraised value of the weapon in question was only $ 3,920.00. Mr. Buoscio states that he is bringing this action in federal court because the state courts have barred him as a vexatious litigator. This is not a basis for federal jurisdiction.

### Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _September 2, 2008_

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3